**Motion Granted; Abatement Order filed January 24, 2017**



In The

# Fourteenth Court of Appeals

_____

NO. 14-16-01027-CV
_____

## FORUM US, INC., Appellant

## V.

## JEFFREY MUSSELWHITE, ANTELOPE OIL TOOL & MFG. CO., LLC, WEARSOX, L.P. AND INTERVALE CAPITAL, LLC, Appellees

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2013-60075**

## ABATEMENT ORDER

Appellant filed an unopposed motion to abate this appeal pursuant to Texas Rule of Appellate Procedure 29.6. According to appellant's motion, on December 30, 2016, appellant filed with the trial court its Motion to Certify Interlocutory Appeal requesting the trial court to amend its prior partial summary judgment, and permit a permissive appeal pursuant to section 51.014(d) of the Texas Civil Practice and Remedies Code. The district clerk inadvertently filed appellant's motion as a

notice of appeal in this court. Appellant asserts, and we agree, that appellant has not filed a notice of appeal that would invoke this court's jurisdiction. *See Lehmann v. Har-Con Corp.*, 30 S.W.3d 191, 195 (Tex 2001) (generally appeals may be taken only from final judgments).

Appellant intends to seek a permissive appeal of the trial court's partial summary judgment order if the trial court grants appellant's motion and amends its order. As such, appellant asks this court to abate this appeal until the trial court's ruling and "an actual notice of appeal is filed." Texas Rule of Appellate Procedure 29.6 states that "[w]hile an appeal from an interlocutory order is pending, on a party's motion or on the appellate court's own initiative, the appellate court may review . . . a further appealable interlocutory order concerning the same subject matter." Tex. R. App. P. 29.6(1).

Texas Rule of Appellate Procedure 28.3 governs the procedure to be followed when filing a permissive appeal in a civil case. That rule provides, "[w]hen a trial court has permitted an appeal from an interlocutory order that would not otherwise be appealable, a party seeking to appeal must petition to the court of appeals for permission to appeal." Tex. R. App. P. 28.3. A petition for permissive appeal must be filed with the clerk of the court having appellate jurisdiction within 15 days after the order to be appealed is signed. *Id.* "If the petition is granted, a notice of appeal is deemed to have been filed under Rule 26.1(b) on that date[.]" *Id.* A separate notice of appeal need not be filed. *Id.* To seek a permissive appeal, appellant must file a petition required by Rule 28.3.

Appellant's motion is granted. The appeal is abated, treated as a closed case, and removed from this court's active docket until appellant files a petition for permissive appeal under Texas Rule of Appellate Procedure 28.3, or other dispositive motion. The appeal will be reinstated on this court's active docket at that

time. The court also will consider an appropriate motion to reinstate the appeal filed by any party, or the court may reinstate the appeal on its own motion.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Brown and Jewell.